UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOARD OF TRUSTEES OF THE CEMENT MASONS AND PLASTERERS HEALTH & WELFARE TRUST, et al.,

Plaintiff(s),

v.

AVALON FLOORS, INC., et al.,

Defendant(s).

NO. C09-1754MJP

ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

The above-entitled Court, having received and reviewed

1. Defendants' Motion for Partial Summary Judgment Regarding Contract Termination (Dkt. No. 16)

2. Plaintiffs' Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment Regarding Contract Termination (Dkt. No. 22)

3. Defendants' Reply in Support of Motion for Partial Summary Judgment Regarding Contract Termination (Dkt. No. 26)

4. Plaintiffs' Surreply to Defendants' Reply Re Motion for Partial Summary Judgment (Dkt. No. 32)

5. Defendants' Response to Plaintiffs' Summary Judgment Surreply (Dkt. No. 35)

6. Plaintiffs' Motion to Strike Hearsay Statements in Pike Responsive Declaration (Dkt. No. 37)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that Plaintiff's Motion to Strike Hearsay Statements is GRANTED.

**ORDER ON MTN FOR
PARTIAL SUMM JMT - 1**

IT IS FURTHER ORDERED that Defendants' Motion for Partial Summary Judgment is GRANTED.

**Background**

Defendant Avalon Floors ("Avalon") was a general flooring contractor who entered into two Compliance Agreements (the "Agreements," which memorialized the company's willingness to be bound by collective bargaining and trust agreements) with the Cement Masons' Local Union #528. The first agreement ("Agreement 1," about which there appears to be no controversy) was entered on July 18, 2006 and was time-limited to work performed on a specific project during the months of July and August 2006. Pike Decl'n, Ex. A. Avalon completed the work on the project on August 14, 2006. Pike Decl'n, ¶ 4.

The second Compliance Agreement ("Agreement 2") was entered into on August 30, 2006. This agreement contains a provision which states at ¶ 4:

> Either Local 528 or the Employer may terminate this Compliance Agreement as of the termination date specified in the AGC Agreement or its successors by giving the other party written notice of an intention to terminate not less than sixty (60) days, nor more than ninety (90) days, prior to the expiration date specified in the AGC Agreement in effect at the time of giving notice.

Coffelt Decl'n, Ex. A. Below this section (which is not crossed out or otherwise notated) is a handwritten notation which states "May 31, 2007 Compliance Agreement ends." Id.

By this motion, Avalon seeks a partial summary judgment order that "their liability, if any, is limited at most to any unpaid union contributions due for work performed: (1) on the Cleveland High School job in July and August 2006; and (2) on other jobs from August 30, 2006 to May 31, 2007." Mtn., p. 3. As there does not appear to be any dispute concerning the Agreement 1 (the Cleveland High School project in July and August 2006), the Court will confine its analysis to the issues raised by Agreement 2.

**ORDER ON MTN FOR
PARTIAL SUMM JMT - 2**

**Discussion**

Avalon is not seeking immunity from its liability under these agreements, only a partial summary judgment ruling that their liability is limited to any unpaid union contributions due for work performed (1) in July and August 2006 (for Agreement 1) and (2) on the jobs from August 30, 2006 to May 31, 2007 (on Agreement 2). Plaintiffs make no objections concerning Agreement 1, so the issue remaining to be decided is the effect of the handwritten notation on Agreement 2.

Plaintiffs point out that many traditional principles of contract law are inapplicable to trust fund contribution actions and that the only valid defenses available to an employer in these sorts of actions are (1) the pension contribution fund itself is illegal, or (2) the Collective Bargaining Agreement ("CBA") is void rather than voidable. MacKillop v. Lowe's Market, Inc., 58 F.3d 1441, 1444 (9th Cir. 1995). Defendants do not contest that proposition, but maintain that the obligation to make trust fund contributions cannot extend beyond the effective period of the CBA. Benson v. Brower's Moving & Storage, Inc., 907 F.2d 10, 16 (2nd Cir. 1990).

Defendant's position is that the CBA expired on May 31, 2007 and that a new CBA (running from 2007 - 2012) was then entered into. *See* Coffelt Decl'n, Ex. C. Because Avalon never agreed to be bound by the new CBA (Pike Reply Decl'n, ¶ 2), the company argues that its obligation under the Agreement 2 terminated at the expiration of the 2003 - 2007 CBA. The Court agrees, and further finds that the handwritten notation "May 31, 2007 Compliance Agreement ends" found in Agreement 2 merely reflects this fact.

Plaintiffs attempt to avoid the rather straightforward meaning of the "May 31, 2007" notation by arguing that at best it creates an "ambiguity" in the contract. This permits them to (1) introduce extrinsic evidence that both of the union representatives present at the signing thought the notation referred to the "Master Labor Agreement" (see Coffelt Decl'n, ¶ 5; Benish Decl'n, ¶ 5) and (2) argue

**ORDER ON MTN FOR
PARTIAL SUMM JMT - 3**

1  that the possible contrary inferences create an issue of material fact which render summary judgment
2  inappropriate.

3        The Court fails to find these arguments persuasive. There seems little room for
4  misinterpretation in the handwritten "May 31, 2007" notation, and the declarations of Plaintiffs'
5  representatives/signatories to Agreement 2 – that they thought the notation referred to the Master
6  Labor, or "AGC" Agreement (while acknowledging that the document they signed is the
7  "Compliance Agreement") – do nothing to create the impression of a credible ambiguity. No rational
8  trier of fact could attribute the interpretation urged by Plaintiffs that a notation on a Compliance
9  Agreement that "May 31, 2007 Compliance Agreement ends" refers to something other than the
10 Compliance Agreement. Plaintiffs attempt to imply that possibly the handwritten notation on
11 Agreement 2 was not agreed upon by the union (Response, pp. 9-10), but nowhere in the evidence
12 submitted by Plaintiffs is there any testimony to that effect. Plaintiffs may not rely on speculation
13 and innuendo at the summary judgment stage.

14       Finally, in supplemental briefing submitted by both sides at the Court's request, the union
15 attempts to counter Defendants' assertion that, following the May 31, 2007 termination of the 2003-
16 2007 CBA, "Avalon Floors never agreed to be bound by the 2007-2012 Agreement." Reply, p. 4;
17 Pike Decl'n, ¶ 2.

18       The only evidence to the contrary which Plaintiffs offer is a series of monthly "Employer
19 Remittance Reports" from Avalon, dated September 2007 to September 2008. Parmelee Decl'n, Ex's
20 A - M. It is unconvincing – although Plaintiffs point out the amounts listed as owing on the reports
21 correspond to the amounts reflected in the 2007-2012 Master Labor Agreement, the fact is that each
22 report also shows the "Total Amount of Remittance" as "ϕ". Plaintiffs want to characterize these
23 submissions as somehow falling under the "adoption-by-conduct doctrine," but that requires the
24 employer to engage in "a course of conduct evincing an intention to be bound." Hawaii Carpenters
25

**ORDER ON MTN FOR**
26 **PARTIAL SUMM JMT - 4**

Trust Funds v. Waioloa Carpenter Shop, Inc., 823 F.2d 289, 295, n. 8 (9th Cir. 1987). Even on the face of the documents, there is nothing that evinces an intention to be bound by the next CBA – they simply reflect Avalon's representation that the company does not owe anything to the union. It is significant to the Court that, in response to Avalon's allegation that it had not entered into the 2007-2012 Agreement, Plaintiffs did not produce a copy of the 2007-2012 CBA or Compliance Agreement signed by Avalon.

Plaintiffs object to certain statements submitted by Avalon in its supplemental briefing, statements intended to clarify the context under which the September 2007 - September 2008 "Employer Remittance Reports" were submitted. The Court does find these statements inadmissible on hearsay grounds and strikes them on that basis. However, the statements are surplusage at best – even without them, Avalon has carried its burden on proof on summary judgment and will be granted the relief which it seeks.

**Conclusion**

Partial summary judgment is GRANTED in favor of Defendants. If Defendants are ultimately found to be liable to Plaintiffs on the grounds alleged in this action, their liability will be limited to unpaid union contributions due for work performed: (1) on the Cleveland High School job in July and August 2006; and (2) on other jobs from August 30, 2006 to May 31, 2007.

The clerk is ordered to provide copies of this order to all counsel.

Dated: July __9__, 2010

                                                                       _____
                                                                       Marsha J. Pechman
                                                                       U.S. District Judge

**ORDER ON MTN FOR PARTIAL SUMM JMT - 5**